IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 10-cv-00335-MSK

SAMUEL POWELL,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

---

ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by the Applicant Samuel Powell[1] (Doc. # 3). Pursuant to the Court's Order to Show Cause, dated March 17, 2010, the Respondent filed a Response to the Application on May 17, 2010 (Doc. # 12). The Applicant filed a Reply on June 1, 2010 (Doc. #13). For the reasons set forth below, the Application is denied.

---

[1] The Court must construe liberally the Application and other pleadings Mr. Powell has filed because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

1

I.      Background

Mr. Powell is a federal prisoner currently incarcerated at the United States Penitentiary (USP) in Florence, Colorado. He is currently serving an 150-month sentence for witness tampering, imposed by the United States District Court for the Northern District of California.

On November 5, 2007, prison officials at the USP Florence discovered a six-ounce brick of marijuana in an inmate's cell. The investigation surrounding the discovery of marijuana continued until April 8, 2008, when prison officials determined that Mr. Powell was linked to the plot to introduce marijuana into the institution. Therefore, also on April 8, 2008, prison officials wrote an Incident Report charging Mr. Powell with the disciplinary offense of Introduction of Narcotics (Aiding).

On April 10, 2008, the Unit Disciplinary Committee (UDC) reviewed the incident and referred the incident report to the Discipline Hearing Officer (DHO) for the possible imposition of sanctions greater than those available at the UDC level. The charge against Mr. Powell was heard by a BOP Hearing Officer on May 7, 2008. Mr. Powell had a staff representative at the hearing. He also presented the written statement of one witness. At the conclusion of the hearing, Mr. Powell asked to present the personal testimony of the witness that had already provided a written statement. The Hearing Officer denied this request. After considering an eyewitness report by a correctional officer and corroborating evidence in the form of notes written by Mr. Powell, information from confidential informants and other physical evidence, the Hearing Officer found Mr. Powell guilty of the charge. Mr. Powell was sanctioned with the

disallowance of 40 days of earned good time, 60 days of disciplinary segregation, 18 months of lost visitation, 18 months of no contact visits and a recommendation for a disciplinary transfer.

In the instant Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Mr. Powell contends that his disciplinary conviction was obtained in violation of the United States Constitution in four respects: (1) he did not receive an incident report within 24 hours of the discovery of the brick of marijuana on November 5, 2007; (2) he was denied the right to call witnesses at his disciplinary hearing; (3) he did not receive a UDC hearing within 72 hours of the discovery of the brick of marijuana; and (4) the hearing officer did not have sufficient documentary evidence to support the disciplinary violation.

II.     Standard of Review

A section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Mcintosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfer, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The Fifth Amendment to the United States Constitution guarantees Due Process to persons faced with deprivations of liberty or property, including inmates threatened with the loss

of good time credit. However, in the prison context, inmates faced with disciplinary charges enjoy only a circumscribed right to Due Process. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The inmate must receive advance notice of the charges; the opportunity, when possible, to call witnesses and present documentary evidence in his defense; and a written determination stating the Hearing Officer's reasons for his or her decision. *Id.* In addition, the inmate is entitled to require that the Hearing Officer's determination be "supported by some evidence in the record." *Id.* The "some evidence" requirement does not require this Court to examine the entire hearing record, to make an independent examination of the credibility of the witnesses, or to re-weigh the evidence; instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached." *Id.* at 455-56.

III.   Analysis

    1.   Delayed Incident Report

Mr. Powell alleges that his Due Process rights were violated because prison officials found the marijuana in the facility on November 5, 2007, but did not provide Mr. Powell with a copy of the Incident Report until April 8, 2008. He contends that this delay violates BOP Program Statement 5270.07.[2] *See* 28 C.F.R. § 541.11.

As a preliminary matter, the Tenth Circuit has found that "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993); *see also Sandin v. Conner*, 515 U.S. 472, 481-82 (1995)

---

[2] Program Statement 5270.07 has since been superseded by Program Statement 5270.08, but for purposes of this matter, no substantive change was effected.

(finding that prison regulations are "primarily designed to guide correctional officials in the administration of a prison" not "to confer rights on inmates").  Moreover, the Court finds that Mr. Powell has not established a violation of BOP regulations.

BOP regulation 28 C.F.R. § 541.15(a) provides that "[s]taff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident."  "The language employed in these rules makes clear that the time frames [in § 541.15] are aspirational, not mandatory."  *Dedrick v. Daniels*, 386 Fed. Appx. 810, 811 (10th Cir. July 28, 2010) (unpublished opinion).

In this case, as the Incident Report demonstrates, although the marijuana was located on November 5, 2007, BOP prison officials did not become aware of Mr. Powell's involvement until April 9, 2008, when confidential information and two notes written by Mr. Powell were discovered.  *See* Prelim. Resp. at Ex. A-1, Att. B.  Mr. Powell was issued the Incident Report on April 8, 2008, the very same day that his involvement in the incident was uncovered.  *Id.*  Accordingly, it appears that no violation of the regulation occurred, as Mr. Powell was provided an Incident Report within 24 hours of the time that staff became aware of his involvement in the incident.  *See* 28 C.F.R. § 541.15(a).  Further, Mr. Powell makes no showing, or even asserts, that he was prejudiced by any delay.  Therefore, this argument has no merit and Mr. Powell is not entitled to relief on this claim.

    2.    Denied the Right to Call Witnesses

Mr. Powell also complains that he was denied the opportunity to call witnesses at his

Disciplinary Hearing, and that the Hearing Officer violated his due process rights by relying on the witness statement, instead of calling Mr. Powell's witness.  Mr. Powell asserts that "the only time statements are used is when the witnesses [sic] is unavailable. . . Petitioner's witness was available."  Application at 3.

Due process requires that prison officials provide an inmate facing disciplinary proceedings the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  *Wolff*, 418 U.S. at 566.  The scope of an inmate's right to call and confront witnesses and present documentary evidence is committed to the sound discretion of prison officials who must exercise their discretion on an individualized basis.  *See Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991).  Courts should defer to a prison official's decision "to limit access to other inmates to collect statements or to compile other documentary evidence."  *Id.*  Errors made by prison officials in denying evidence at hearings are subject to harmless error review.  *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006); *see also Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993).  Moreover, an inmate cannot maintain a due process claim for failure to permit witness testimony unless he shows that the testimony "'would have affected the outcome of his case.'"  *Grossman*, 447 F.3d at 805 (quoting *Chesson*, 986 F.2d at 366).

BOP regulations also provide that the inmate may call witnesses that are "reasonably available" but that a witness' statement may be submitted in writing.  *See* 28 C.F.R. § 541.17(c).  In this case, Mr. Powell initially stated that he did not wish to call any witnesses.  *See* Prelim. Resp. Ex. A-1, Att. D.  Mr. Powell later changed his mind and his disciplinary hearing was

delayed from April 17, 2008, to May 7, 2008, in order to accommodate Mr. Powell's request for a witness, another inmate named Jett. *Id.* at Att. E, p. 2. Inmate Jett submitted a written statement to the Hearing Officer, which was found to be sufficient such that his personal appearance was not required. *Id.* At the conclusion of the hearing, Mr. Powell requested that inmate Jett also appear to testify in person, but his request was denied because the Hearing Officer "believed that [Mr. Powell] was trying to prolong or delay the hearing so he could continue receiving visitation privileges." *Id.* at 3. Here, Mr. Powell does not argue that inmate Jett would have provided any testimony beyond what he provided in his written statement, and he does not demonstrate that there was any additional benefit to inmate Jett testifying in person rather than via a written statement. Therefore, Mr. Powell has not demonstrated that inmate Jett's testimony "'would have affected the outcome of his case,'" and he is not entitled to any relief on this claim. *Grossman*, 447 F.3d at 805 (quoting *Chesson*, 986 F.2d at 366).

      3.      Did Not Receive a UDC Hearing Within 72 hours

Here, Mr. Powell complains that he did not receive a UDC hearing within 72 hours of the discovery of the marijuana on November 5, 2007. This argument fails for the same reason as Mr. Powell's claim that he was not timely provided an incident report.

First, the language in the regulation states that a UDC hearing will "ordinarily" be conducted within 3 days from the time staff become aware of an inmate's involvement in an incident. *See* 28 C.F.R. § 541.15(b). Here, as with the timing of Mr. Powell's Incident Report, the documentation demonstrates that BOP prison officials did not become aware of Mr. Powell's involvement until April 8, 2008. *See* Prelim. Resp. at Ex. A-1, Att. B. Mr. Powell received his

UDC hearing on April 10, 2008, two days after he received the Incident Report. *See id.* at ¶ 21. Therefore, Mr. Powell has failed to establish that any violation of BOP policy occurred. Further, Mr. Powell has not demonstrated that he suffered prejudice from any asserted delay, or that any delay was unreasonable. Accordingly, this argument has no merit and Mr. Powell is not entitled to relief on this claim.

      4.     Conclusion Supported by Some Evidence

Finally, Mr. Powell asserts that there was insufficient evidence to support his conviction, as he alleges that the "DHO officer failed to present any documentary evidence to prove Petitioner committed such prohibited act." Application at 2.

As noted above, the Court does not review the entirety of the record and re-weigh the evidence, nor does it require that the evidence rise to any particular quantum of persuasiveness. *Hill*, 472 U.S. at 457. Even "meager" or indirect evidence that supports the Hearing Officer's conclusion is sufficient. *Id.* Relief is warranted only where the record "is so devoid of evidence that the findings of the [Hearing Officer] were . . . arbitrary." *Id.*

Here, the Hearing Officer articulated clear, distinct evidence for finding Mr. Powell guilty, and it cannot be said that the decision is not supported by "some evidence." *See* Prelim. Resp. at Ex. A-1, Att. E, ¶ V. This evidence includes an eyewitness report by a correctional officer and evidence in the form of notes written by Mr. Powell, which appear to relate to a plot to introduce marijuana into the facility. *See id.* The Hearing Officer also found that the exonerating statement from Inmate Jett lacked credibility because "inmate Jett is facing similar charges regarding this incident, and both inmates had sufficient time to collaborate their stories."

*Id.* Nothing in the record before this Court refutes that contention. While the evidence against Mr. Powell might fall short of being persuasive enough to support criminal charges, it is certainly sufficient to satisfy the relaxed standard required by the Due Process Clause in this situation. The Court finds that the evidence considered by the Hearing Officer constitutes at least "some evidence" supporting the disciplinary conviction in this case. *Hill*, 472 U.S. at 454. Mr. Powell's conviction and loss of good time credits must stand. Therefore, the Court will deny the Application and dismiss the action. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 3) is DENIED and the action is DISMISSED WITH PREJUDICE. The Clerk shall enter an judgment in accordance herewith.

Dated this 6th day of April, 2011

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge